UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Russell Geissler, Bernard Bagley and Willie James Jackson, individually and on behalf of others similarly situated, | ) ) ) ) | C/A NO.:  4:17-cv-1746-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Bryan P. Stirling, Director of the South Carolina Department of Corrections (SCDC), in his official capacity and John B. McRee, M.D., Division Director of Health and Professional Services for SCDC; | ) ) ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT** **(Jury Trial Demanded)** |
| Defendants. | ) ) ) | |

Defendants Stirling and McRee ("Defendants"), above named, by and through their undersigned counsel, answering the Third Amended Class Action Complaint ("Complaint"), respectfully show unto this Honorable Court as follows:

<u>FOR A FIRST DEFENSE, BY WAY OF ANSWER</u>

1.     Defendants deny any and all allegations contained in the Third Amended Class Action Complaint and any attachments not specifically admitted, qualified or explained herein.

2.     Defendants admit so much of the allegations set forth in Paragraph 1 of the Complaint as allege that there are over nineteen thousand (19,000) inmates incarcerated with the South Carolina Department of Corrections (SCDC) and that more than six hundred (600) of those inmates have tested positive for the HCV antibody.  Any and all remaining allegations set forth in

1

Paragraph 1 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

3.      Defendants admit so much of the allegations set forth in Paragraph 2 of the Complaint as allege that HCV may cause liver inflammation and HCV may lead to fibrosis of the liver.  Defendants further admit, upon information and belief, that advanced fibrosis of liver may ultimately become cirrhosis of the liver.  Defendants further admit, upon information and belief, that inflammation and scaring of the liver may lead to impaired liver function.  Any and all remaining allegations set forth in Paragraph 2 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

4.      Defendants admit so much of the allegations set forth in Paragraph 3 of the Complaint as allege that HCV, if left untreated, may result in various unfavorable consequences including fatigue, weakness, liver cancer, chronic liver disease, internal bleeding, and possibly death.  Defendants are without sufficient information so as to form a belief as to the truth or falsity of any and all remaining opinion allegations set forth in Paragraph 3 of the Complaint and therefore deny same and respectfully request strict proof thereof.

5.      In response to Paragraph 4 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention (CDC) and other medical literature acknowledged by the medical profession as authoritative to set forth the recognized standards of care and guidelines for testing and treatment of HCV and Defendants deny any and all allegations set forth in Paragraph 4 of the Complaint that are inconsistent therewith. In response to the allegations in Paragraph 4 of the Complaint relating to public acknowledgment of DAA drugs by SCDC, Defendants crave reference to the SCDC Agency Accountability Report

for fiscal year 2016-2017 referred to in footnote 6 to Paragraph 74 of the Complaint and deny any and all allegations set forth in Paragraph 4 of the Complaint that are inconsistent therewith. Any and all remaining allegations set forth in Paragraph 4 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

6. Defendants admit so much of the allegations set forth in Paragraph 5 of the Complaint as allege that SCDC does not currently "systematically test the inmates in its care for chronic HCV." Defendants deny intentionally or knowingly exposing HCV-negative inmates to potential infection by HCV-positive inmates. Defendants admit developing and implementing a policy specifically relating to the provision of medical care to inmates diagnosed with HCV. Any and all remaining allegations set forth in Paragraph 5 of Complaint that are inconsistent herewith are denied and strict proof thereof requested.

7. Defendants admit so much of the allegations set forth in Paragraph 6 of the Complaint as allege that Plaintiff Russell Geissler is a SCDC inmate who tested positive for the HCV antibody in January 2014 and these Defendants crave reference to Plaintiff Geissler's SCDC medical records for the circumstances surrounding the blood test at issue. Any and all remaining allegations set forth in Paragraph 6 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

8. Defendants admit so much of the allegations set forth in Paragraph 7 of the Complaint as allege that Plaintiff Bernard Bagley was born between 1945 and 1965 and Defendants crave reference to Plaintiff Bagley's SCDC medical records for the circumstances surrounding the blood transfusion and symptoms of chronic HCV alleged in Paragraph 7 of the

Complaint.  Any and all remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

9.      In response to Paragraph of 8 of the Complaint, Defendants crave reference to Plaintiff Willie James Jackson's SCDC medical records for the circumstances surrounding Plaintiff Jackson's diagnosis with chronic HCV.  Any and all remaining allegations set forth in Paragraph 8 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

10.     Defendants deny any and all allegations set forth in Paragraph 9 of the Complaint and request strict proof thereof.

11.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 10 of the Complaint set forth the relief being sought by the Plaintiffs and do not require a response from these Defendants.   However, to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

12.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 11 of the Complaint call for a legal conclusion and therefore do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

13.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 12 of the Complaint call for a legal conclusion and therefore do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

14. Defendants are of the opinion and belief that the allegations set forth in Paragraph 13 of the Complaint call for a legal conclusion and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

15. Defendants are of the opinion and belief that the allegations set forth in Paragraph 14 of the Complaint call for a legal conclusion and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

16. Defendants admit so much of the allegations set forth in Paragraph 15 of the Complaint as allege that Plaintiff Geissler is currently incarcerated in the SCDC system and has tested positive for the HCV antibody. Defendants further admit that as of the date of this Answer, Plaintiff Geissler has not been administered DAA medication for same. Any and all remaining allegations set forth in Paragraph 15 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

17. Defendants admit so much of the allegations set forth in Paragraph 16 of the Complaint as allege that Plaintiff Bagley is currently incarcerated in the SCDC system and that Plaintiff was born between 1945 and 1965. Defendants further crave reference to Plaintiff Bagley's SCDC medical records concerning the circumstances surrounding a blood transfusion and reported symptoms of chronic HCV. Defendants further admit that as of the date of the Answer, Plaintiff Bagley has not received HCV testing. Any and all remaining allegations set forth in Paragraph 16 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

18.     Defendants admit so much of the allegations set forth in Paragraph 17 of the Complaint as allege that Plaintiff Jackson is currently incarcerated in the SCDC system. Defendants further crave reference to his SCDC medical records for the circumstances surrounding any diagnosis of chronic HCV. Defendants further admit that as of the date of this Answer, Plaintiff Jackson has not been administered DAA medication for chronic HCV. Any and all remaining allegations set forth in Paragraph 17 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

19.     In response to Paragraph 18 of the Complaint, Defendants state that they are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 18 of the Complaint and therefore deny same and respectfully request strict proof thereof.

20.     In response to Paragraph 19 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that Defendant Bryan P. Stirling is the Director of the South Carolina Department of Corrections (SCDC); that Defendant Stirling approved and signed SCDC's HCV Policy, HS-19.09; and that he is involved in the operation of the South Carolina Department of Corrections. Defendants are of the opinion and belief that several of the allegations set forth in Paragraph 19 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said allegations may be construed to require a response from Defendants, any and all said allegations are denied and strict proof thereof requested. Any and all remaining allegations set forth in Paragraph 19 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

21.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 20 of the Complaint call for a legal conclusion and therefore do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

22.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 21 of the Complaint call for a legal conclusion and therefore do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

23.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 22 of the Complaint call for a legal conclusion and therefore do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all remaining allegations set forth herein are denied as stated and strict proof thereof requested.

24.     Defendants admit so much of the allegations set forth in Paragraph 23 of the Complaint as allege that Defendant John B. McRee, M.D., is the Division Director of Health and Professional Services for SCDC and was involved in drafting SCDC's HCV Policy, HS-19.09. Any and all remaining allegations set forth in Paragraph 23 of the Complaint that are inconsistent herewith are denied as stated and strict proof thereof requested.

25.     Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the vague allegations set forth in Paragraph 24 of the Complaint and are further of the opinion and belief that said allegations call for legal conclusions and therefore do not require a response.  However, to the extent said paragraph may be construed to require a

response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

26.    Defendants, upon information and belief, admit so much of the allegations set forth in Paragraph 25 of the Complaint as allege that the Hepatitis C virus (HCV) is a viral infection that may be passed from person to person through the exchange of blood in which HCV is present. Any and all remaining allegations set forth in Paragraph 25 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

27.    In response to Paragraph 26 of the Complaint, Defendants crave reference to the published materials issued by the Centers for Disease Control and Prevention (CDC) with respect to the allegations set forth in Paragraph 26 related thereto and deny any allegations set forth therein that are inconsistent with said published materials from the CDC. Any and all remaining allegations set forth in Paragraph 26 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

28.    In response to Paragraph 27 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the typical symptoms of HCV and chronic HCV and Defendants deny any and all allegations set forth in Paragraph 27 of the Complaint that are inconsistent therewith.

29.    In response to Paragraph 28 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the typical side

effects of HCV and chronic HCV and Defendants deny any and all allegations set forth in Paragraph 28 of the Complaint that are inconsistent therewith.

30.     In response to Paragraph 29 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth acceptable methods for evaluation and measurement of liver inflammation and liver fibrosis and Defendants deny any and all allegations set forth in Paragraph 29 of the Complaint that are inconsistent therewith.

31.     In response to Paragraph 30 of the Complaint, Defendants crave reference to HSP-4000.12 pertaining to the allegations in Paragraph 30 of the Complaint and deny any and all allegations set forth in Paragraph 30 of the Complaint that are inconsistent therewith.

32.     In response to Paragraph 31 of the Complaint, Defendants craves reference to published materials issued by Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the historical progress of treatment for chronic HCV.  Defendants further crave reference to referenced SCDC policy with respect to the contents of said policy and deny any allegations inconsistent therewith. Any and all remaining allegations set forth in Paragraph 31 of the Complaint that are inconsistent with the above are denied and strict proof thereof requested.

33.     In response to Paragraph 32 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the history of FDA approval of direct-acting antiviral (DAA) drugs and statistics relating to the effectiveness of such

drugs and Defendants deny any and all allegations set forth in Paragraph 32 of the Complaint that are inconsistent therewith.

34. In response to Paragraph 33 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the recognized standards of care and guidelines for testing and treatment of HCV and Defendants deny any and all allegations set forth in Paragraph 33 of the Complaint that are inconsistent therewith.

35. In response to Paragraph 34 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the recognized standards of care and guidelines for treatment of HCV and Defendants deny any and all allegations set forth in Paragraph 34 of the Complaint that are inconsistent therewith.

36. Defendants are of the opinion and belief that the allegations set forth in Paragraph 35 of the Complaint state an opinion rather than an allegation of fact and therefore do not require a response. However, to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth in Paragraph 35 of the Complaint are denied and strict proof thereof requested.

37. In response to Paragraph 36 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the typical benefits of treating HCV with DAA drugs and Defendants deny any and all allegations set forth in Paragraph 36 of the Complaint that are inconsistent therewith.

38.     In response to Paragraph 37 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the typical effectiveness of treating HCV with DAA drugs and these Defendants deny any and all allegations set forth in Paragraph 37 of the Complaint that are inconsistent therewith.

39.     In response to Paragraph 38 of the Complaint, Defendants crave reference to published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth recommendations for the timing of the treatment of HCV with DAA drugs and Defendants deny any and all allegations set forth in Paragraph 38 of the Complaint that are inconsistent therewith.

40.     In response to Paragraph 39 of the Complaint, Defendants crave reference to the published materials issued by the Centers for Disease Control and Prevention and other medical literature acknowledged by the medical profession as authoritative to set forth the recognized standards of care and guidelines for testing of HCV and Defendants deny any and all allegations set forth in Paragraph 39 of the Complaint that are inconsistent therewith.

41.     In response to Paragraph 40 of the Complaint, Defendants crave reference to the published materials issued by the Centers for Disease Control and Prevention concerning recommendations for testing of HCV and Defendants deny any and all allegations set forth in Paragraph 40 of the Complaint that are inconsistent therewith.

42.     In response to Paragraph 41 of the Complaint, Defendants crave reference to the published materials issued by the Centers for Disease Control and Prevention concerning

recommendations for testing of HCV and Defendants deny any and all allegations set forth in Paragraph 41 of the Complaint that are inconsistent therewith.

43. In response to Paragraph 42 of the Complaint, Defendants crave reference to the published materials issued by the Centers for Disease Control and Prevention concerning recommendations and specifications for testing of HCV and Defendants deny any and all allegations set forth in Paragraph 42 of the Complaint that are inconsistent therewith.

44. In response to Paragraph 43 of the Complaint, these Defendants crave reference to published materials issued by the United States Preventive Services Task Force and these Defendants deny any and all allegations set forth in Paragraph 43 of the Complaint that are inconsistent therewith.

45. In response to Paragraph 44 of the Complaint, these Defendants crave reference to published materials issued by the United States Preventive Services Task Force and these Defendants deny any and all allegations set forth in Paragraph 44 of the Complaint that are inconsistent therewith.

46. In response to Paragraph 45 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that incarceration is recognized as a factor that exposes individuals to a greater risk of contracting HCV than individuals who are not incarcerated. Any and all remaining allegations set forth in Paragraph 45 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

47. Defendants admit so much of the allegations set forth in Paragraph 46 of the Complaint as allege that as of February 2, 2018, six hundred and twenty-four (624) SCDC inmates have tested positive for the HCV antibody and that SCDC does not currently automatically conduct

viral load testing for all inmates who test positive for the HCV antibody. Any and all remaining allegations set forth in Paragraph 46 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

48.     In response to Paragraph 47 of the Complaint, Defendants admit that SCDC does not currently conduct opt-out HCV testing of inmates.

49.     Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 48 of the Complaint and therefore deny same and request strict proof thereof.

50.     Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 49 of the Complaint and therefore deny the same and request strict proof thereof.

51.     Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 50 of the Complaint and therefore deny same and request strict proof thereof. Further responding to Paragraph 50 of the Complaint, Defendants deny what appears to be a section heading set forth between Paragraphs 50 and 51 of the Complaint to the extent same may be construed to require a response.

52.     Defendants admit the allegations contained in Paragraph 51 of the Complaint.

53.     In response to Paragraph 52 of the Complaint, Defendants crave reference to HSP-4000.12 with respect to the contents contained therein and deny any allegations that are inconsistent therewith.

54.     In response to Paragraph 53 of the Complaint, Defendants crave reference to HSP-4000.13 with respect to the contents contained therein and deny any allegations that are inconsistent therewith.

55.     In response to Paragraph 54 of the Complaint, Defendants crave reference to HSP-4000.12 with respect to the contents contained therein and deny any allegations that are inconsistent therewith.

56.     In response to Paragraph 55 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that SCDC did not have a policy specifically addressing HCV treatment in place until 2016.  In response to the remaining allegations set forth in Paragraph 56 of the Complaint, Defendants crave reference to SCDC Policy HS-18.15, Levels of Care (November 1, 2007) and deny any and all allegations set forth in Paragraph 55 of the Complaint that are inconsistent therewith.  Any and all remaining allegations set forth in Paragraph 55 of the Complaint that are inconsistent with the above are denied and strict proof thereof requested.

57.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 56 of the Complaint set forth an opinion rather than an allegation of fact and therefore do not require a response.  However, to the extent the allegations set forth in Paragraph 56 of the Complaint may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

58.     In response to Paragraph 57 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that SCDC adopted SCDC Policy HS-19.09, Hepatitis C, on or about May 27, 2016.  Any and all remaining allegations set forth in Paragraph 57 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

59.     In response to Paragraphs 58, 59, 60, 61, 62, and 63 of the Complaint, Defendants crave reference to SCDC Policy HS-19.09 and deny any and all allegations set forth in said paragraphs that are inconsistent therewith.  Further responding to Paragraphs 58 through 63 of the Complaint, Defendants deny that SCDC Policy HS-19.09 was inconsistent with the standard of care applicable at the time said policy was implemented by SCDC and deny using any "arbitrary methods" in connection with the establishment of a protocol for prioritizing the administration of HCV treatments to SCDC inmates.  Any and all remaining allegations set forth in Paragraphs 58 through 63 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

60.     In response to Paragraph 64 of the Complaint, Defendants crave reference to SCDC's 2012 HSP-4000.13 and deny any and all allegations set forth in Paragraph 64 of the Complaint that are inconsistent therewith.

61.     Defendants deny any and all allegations set forth in Paragraph 65 of the Complaint and respectfully request strict proof thereof.

62.     Defendants deny any and all allegations set forth in Paragraph 66 of the Complaint and respectfully request strict proof thereof.

63.     In response to Paragraph 67 of the Complaint, these Defendants crave reference to the language set forth in SCDC Policy HS-19.09 and deny any and all allegations set forth in Paragraph 67 of the Complaint that are inconsistent therewith.

64.     Defendants deny any and all allegations set forth in Paragraph 68 of the Complaint and respectfully request strict proof thereof.

65.     In response to Paragraph 69 of the Complaint, Defendants crave reference to the language of SCDC Policy HS-19.09 and deny any and all allegations set forth in Paragraph 69 of the Complaint that are inconsistent therewith.

66.     Defendants deny any and all allegations set forth in Paragraph 70 of the Complaint and respectfully request strict proof thereof.  Further responding to Paragraph 70 of the Complaint, these Defendants deny what appears to be a section heading set forth between Paragraphs 70 and 71 of the Complaint to the extent same may be construed to require a response.

67.     In response to Paragraph 71 of the Complaint, Defendants admit so much of Paragraph 71 as allege that SCDC had clinical practice guidelines dating back to 2012 and that as of April 12, 2018, more than 150 inmates had an APRI score of 1.5 or higher.  Any and all remaining allegations set forth in Paragraph 71 of the Complaint that are inconsistent with the above are denied and strict proof thereof requested.

68.     Defendants deny the allegations contained in Paragraph 72 of the Complaint as stated.

69.     In response to Paragraph 73 of the Complaint Defendants admit so much of Paragraph 73 as allege that SCDC has been aware of the changes in the medication available and the standard of care regarding treatment of HCV. Any and all remaining allegations set forth in Paragraph 73 of the Complaint that are inconsistent with the above are denied and strict proof thereof requested.

70.     In response to Paragraph 74 of the Complaint, these Defendants crave reference to the SCDC Agency Accountability Report for Fiscal Year 2016-2017 referenced at footnote 6 of

page 13 of the Complaint and respectfully deny any and all allegations set forth in Paragraph 74 of the Complaint that are inconsistent therewith.

71.     Defendants deny any and all allegations set forth in Paragraph 75 of the Complaint and request strict proof thereof.

72.     Defendants upon information and belief, admit the allegations set forth in Paragraph 76 of the Complaint.

73.     In response to Paragraph 77 of the Complaint, these Defendants admit so much of the allegations set forth therein as allege that Defendant Stirling authorized and submitted a fiscal year 2018-2019 budget plan to Governor Henry McMaster containing a line-item referring to a Hepatitis C treatment program.  In response to the allegations related to the language set forth on the documents attached to the Complaint as Exhibit 1, these Defendants crave reference to same and deny any and all allegations set forth in Paragraph 77 of the Complaint that are inconsistent therewith.  Any and all remaining allegations set forth in Paragraph 77 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

74.     Defendants deny the allegations contained in Paragraph 78 of the Complaint as stated and request strict proof thereof.

75.     Defendants deny the allegations contained in Paragraph 79 of the Complaint as stated and request strict proof thereof.

76.     Defendants deny the allegations contained in Paragraph 80 of the Complaint as stated and request strict proof thereof.

77.     Defendants deny the allegations contained in Paragraph 81 of the Complaint as stated and request strict proof thereof.

78.    In response to Paragraph 82 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 82 of the Complaint that are inconsistent therewith.

79.    In response to Paragraph 83 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 83 of the Complaint that are inconsistent therewith.

80.    In response to Paragraph 84 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 84 of the Complaint that are inconsistent therewith.

81.    In response to Paragraph 85 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 85 of the Complaint that are inconsistent therewith.

82.    In response to Paragraph 86 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 86 of the Complaint that are inconsistent therewith.

83.    In response to Paragraph 87 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 87 of the Complaint that are inconsistent therewith.

84.    Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth in Paragraph 88 of the Complaint and therefore deny same and respectfully request strict proof thereof.

85.     In response to Paragraph 89 of the Complaint, Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all allegations set forth therein and therefore deny same and respectfully request strict proof thereof.  Further answering Paragraph 89 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records to the extent they may contain information related to the allegations set forth in Paragraph 89 of the Complaint and deny any and all allegations set forth in said paragraph that are inconsistent therewith.

86.     In response to Paragraph 90 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and any references therein relating to any alleged encounters between Plaintiff and an SCDC Infectious Disease Physician and deny any and all allegations set forth in Paragraph 90 of the Complaint that are inconsistent therewith.

87.     In response to Paragraph 91 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records and deny any and all allegations set forth in Paragraph 91 of the Complaint that are inconsistent therewith.

88.     Defendants deny any and all allegations set forth in Paragraph 92 of the Complaint and respectfully request strict proof thereof.

89.     Defendants are of the opinion and belief that the allegations set forth in Paragraphs 93, 94, 95, 96 of the Complaint are included for the purpose of attempting to describe a purported class or classes of potential plaintiffs and indicate Plaintiff's request to represent the purported classes for declaratory and injunctive relief.  Accordingly, Defendants are of the opinion and belief that said paragraphs do not require a response.  However, to the extent said paragraphs may be

construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

90.     Defendants are of the opinion and belief that the allegations set forth in Paragraphs 97, 98, 99, 100, 101, and 102 of the Complaint call for legal conclusions and therefore do not require a response from Defendants. However, to the extent said paragraphs may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

91.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 103 of the Complaint do not require a response. However, to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

92.     Defendants are of the opinion and belief that the allegations set forth in Paragraph 104 of the Complaint constitute the statement of an opinion rather than an allegation of fact and therefore do not require a response from Defendants. However, to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

93.     Defendants deny any and all allegations set forth in Paragraph 105 of the Complaint and respectfully request strict proof thereof.

94.     Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of any and all of the vague allegations set forth in Paragraph 106 of the Complaint and therefore deny same and respectfully request strict proof thereof.

95.     In response to Paragraph 107 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that Defendant Stirling knows of and enforces SCDC policies and procedures.  Any and all remaining allegations set forth in Paragraph 107 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

96.     Defendants deny any and all allegations set forth in Paragraph 108 of the Complaint and respectfully request strict proof thereof.

97.     Defendants deny any and all allegations set forth in Paragraph 109 of the Complaint and respectfully request strict proof thereof.

98.     Defendants deny any and all allegations set forth in Paragraph 110 of the Complaint and respectfully request strict proof thereof.

99.     Defendants deny any and all allegations set forth in Paragraph 111 of the Complaint and respectfully request strict proof thereof.

100.    Defendants deny any and all allegations set forth in Paragraph 112 of the Complaint and respectfully request strict proof thereof.

101.    Defendants deny any and all allegations set forth in Paragraph 113 of the Complaint and respectfully request strict proof thereof.

102.    Defendants deny any and all allegations set forth in Paragraph 114 of the Complaint and respectfully request strict proof thereof.

103.    Defendants are of the opinion and belief that the allegations set forth in Paragraphs 115 and 116 of the Complaint do not require a response.  However, to the extent said paragraphs may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

104. Defendants are of the opinion and belief that the allegations set forth in Paragraphs 117, 118, 119, 120, and 121 of the Complaint call for legal conclusions and therefore do not require a response. However, to the extent said paragraphs may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

105. Defendants deny any and all allegations set forth in Paragraph 122 of the Complaint and respectfully request strict proof thereof.

106. Defendants deny any and all allegations set forth in Paragraph 123 of the Complaint and respectfully request strict proof thereof.

107. Defendants deny any and all allegations set forth in Paragraph 124 of the Complaint and respectfully request strict proof thereof.

108. Defendants deny any and all allegations set forth in Paragraph 125 of the Complaint and respectfully request strict proof thereof.

109. Defendants deny any and all allegations set forth in Paragraph 126 of the Complaint and respectfully request strict proof thereof.

110. Defendants deny any and all allegations set forth in Paragraph 127 of the Complaint and respectfully request strict proof thereof.

111. Defendants are of the opinion and belief that the allegations set forth in Paragraphs 128 and 129 do not require a response. However, to the extent said paragraphs may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

112. Defendants are of the opinion and belief that the allegations set forth in Paragraph 130 of the Complaint call for a legal conclusion and therefore do not require a response. However,

to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

113.    Defendants deny any and all allegations set forth in Paragraph 131 of the Complaint and respectfully request strict proof thereof.

114.    Defendants deny any and all allegations set forth in Paragraph 132 of the Complaint and respectfully request strict proof thereof.

115.    Defendants deny any and all allegations set forth in Paragraph 133 of the Complaint and respectfully request strict proof thereof.

116.    Defendants deny any and all allegations set forth in Paragraph 134 of the Complaint and respectfully request strict proof thereof.

117.    Defendants deny any and all allegations set forth in Paragraph 135 of the Complaint and respectfully request strict proof thereof.

118.    Defendants deny any and all allegations set forth in Paragraph 136 of the Complaint and respectfully request strict proof thereof.

119.    Defendants are of the opinion and belief that the allegations set forth in Paragraph 137 of the Complaint do not require a response.  However, to the extent said paragraph may be construed to require a response from Defendants, any and all allegations set forth therein are denied and strict proof thereof requested.

120.    Defendants admit the allegations set forth in Paragraph 138 of the Complaint.

121.    In response to Paragraph 139 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that Dr. McRee is aware of an antibody screening of Plaintiff Geissler that returned a result of positive for HCV.  Any and all remaining allegations set forth in

Paragraph 139 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

122.   Defendants admit the allegations set forth in Paragraph 140 of the Complaint.

123.   Defendants admit the allegations set forth in Paragraph 141 of the Complaint.

124.   In response to Paragraph 142 of the Complaint, these Defendants are without sufficient information at this time so as to form a belief as to the truth or falsity of the alleged opinion of the standard of care for treating HCV in light of the vagueness of said allegations with respect to timing and authority.  These Defendants therefore deny said allegations and respectfully request strict proof thereof.

125.   In response to Paragraph 143 of the Complaint, Defendants admits so much of the allegations set forth therein as allege that at various times during Plaintiff Geissler's incarceration with SCDC, Dr. McRee has exercised decision making authority with regard to medical care and treatment provided to Plaintiff Geissler.  Any and all remaining allegations set forth in Paragraph 143 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

126.   In response to the allegations set forth in Paragraph 144 of the Complaint, Defendants crave reference to any documentation relating to a response to any inquiry made by Plaintiff Geissler regarding possible treatment for HCV and deny any and all allegations set forth in Paragraph 144 of the Complaint that are inconsistent therewith.  Any and all remaining allegations set forth in Paragraph 144 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

127.   In response to paragraph 145 of the Complaint, Defendants crave reference to Plaintiff Geissler's SCDC medical records with regard to any recommendations concerning HCV

24

treatment.  Any and all remaining allegations set forth in Paragraph 145 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

128.    In response to Paragraph 146 of the Complaint, Defendants admit so much of the allegations set forth therein as allege that, upon information and belief, Plaintiff Geissler, as of the date of this pleading, has not yet received DAA medication to treat HCV.  Any and all remaining allegations set forth in Paragraph 146 of the Complaint that are inconsistent herewith are denied and strict proof thereof requested.

129.    Defendants deny any and all allegations set forth in Paragraph 147 of the Complaint and respectfully request strict proof thereof.

130.    Defendants deny any and all allegations set forth in Paragraph 148 of the Complaint, including any and all subparts, and respectfully request strict proof thereof.

131.    Defendants deny any and all allegations set forth in Paragraph 149 of the Complaint and respectfully request strict proof thereof.

132.    Defendants deny any and all allegations set forth in Paragraph 150 of the Complaint, including any and all subparts, and respectfully request strict proof thereof.

## FOR A SECOND DEFENSE

133.    Defendants allege the Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

134.    Defendants allege Plaintiffs and the putative class are not entitled to equitable, declaratory, and/or injunctive relief to the extent they have an adequate remedy at law.

## FOR A FOURTH DEFENSE

135.    Defendants allege Plaintiffs have failed to satisfy the prerequisites for bringing a class action lawsuit under Rule 23 of the *Federal Rules of Civil Procedure*.

## FOR A FIFTH DEFENSE

136.    Defendants allege that to the extent the claims of the Plaintiffs or any putative class members are, or will become, moot during the pendency of these proceedings, equitable relief is barred.

## FOR A SIXTH DEFENSE

137.    Defendants allege that Defendants are immune from Plaintiffs' claims and the relief sought by the Complaint for reasons including, but not limited to, sovereign immunity, Eleventh Amendment immunity, qualified immunity, and because the State is not a "person" under Section 1983, nor are its officials in their official capacity.

## FOR A SEVENTH DEFENSE

138.    Defendants allege that the claims of Plaintiff are barred by the applicable statutes of limitations which apply to the various claims of Plaintiff as alleged in the Complaint.

## FOR AN EIGHTH DEFENSE

139.    Defendants allege that Plaintiffs lack standing for some or all of their claims.

## FOR A NINTH DEFENSE

140.    Defendants allege that Plaintiffs' own acts or omissions, or those of a third party, contributed to or caused any alleged injuries or damages.

### FOR A TENTH DEFENSE

141.    Defendants allege they were not personally involved in all of the allegations made in the Complaint.

### FOR AN ELEVENTH DEFENSE

142.    Defendants allege Plaintiff's request for injunctive relief fails to comply with the requirements of the *Prison Litigation Reform Act*.

### FOR A TWELFTH DEFENSE

143.    The individually named Defendants are employees of the South Carolina Department of Corrections, an arm of the State of South Carolina, and are, therefore, entitled to sovereign immunity from suit in their official capacities pursuant to the Eleventh Amendment to the U.S. Constitution and doctrine of State Sovereign Immunity.

### FOR A THIRTENTH DEFENSE

144.    These SCDC Defendants, acting in their official capacities, are not "persons" subject to suit pursuant to 42 U.S.C. § 1983.

### FOR A FOURTEENTH DEFENSE

145.    At all times relevant to the allegations in Plaintiff's Amended Complaint, these individually named Defendants were engaged in the performance of their official duties, acted in good faith, and violated no clearly established constitutional or statutory rights which were known or should have been known to them, and they are therefore entitled to *qualified immunity* from suit in their individual capacities.

## FOR A FIFTEENTH DEFENSE

146.    Defendants allege that they are immune from civil tort liability pursuant to the Constitution of the State of South Carolina and § 15-78-10, *Code of Laws of South Carolina* (1976, as amended), et seq., commonly known as the *South Carolina Tort Claims Act* except to the limited extent to which sovereign immunity has been waived pursuant thereto.  These Defendants therefore plead and incorporate herein each and every defense and limitation contained in the *South Carolina Tort Claims Act* as fully as if set forth herein verbatim.

## FOR A SIXTEENTH DEFENSE

147.    Defendants plead and incorporate herein each and every defense and limitation contained in the *Americans with Disabilities Act* (ADA), as amended, 42 U.S.C. §§ 12131 et seq; and the *Rehabilitation Act of 1972*, as amended, 29 U.S.C. §§ 791 et seq.

## FOR A SEVENTEENTH DEFENSE

148.    Any acts alleged to have occurred on behalf of Defendants were made using discretion of said individual(s) in spite of their knowledge of reasonable, existing alternatives, and these Defendants are therefore entitled to discretionary immunity from this lawsuit.

## FOR AN EIGHTEENTH DEFENSE

149.    Defendants allege that an award of punitive damages in this case would violate the 5th, 6th and 14th amendments to the United States Constitution and Article One, Section 3 of the South Carolina Constitution in that:

a)      The unfettered power to award punitive damages in any manner is wholly devoid of a meaningful standard and is inconsistent with due process guarantees; and

b)      Even if it could be argued that the standard governing the imposition of

punitive damages exists, the standard is void for vagueness.

## FOR A NINETEENTH DEFENSE

150.    Defendants allege that the Plaintiff's Complaint fails to state facts sufficient to state a cause of action and, therefore, Defendants are entitled to a dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the *South Carolina Rules of Civil Procedure* and/or Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## FOR A TWENTIETH DEFENSE

151.    Defendants assert further that the doctrine of *respondeat superior* is inapplicable to an action founded upon 42 U.S.C. § 1983.

## FOR A TWENTY-FIRST DEFENSE

152.    Defendants assert collectively and individually, that at no time were their alleged actions, conduct, or omissions motivated by any evil motive or intent and/or reckless or callous indifference to the Plaintiff, and no punitive damages award is justified in this action.  Moreover, Defendants affirmatively assert that an award of punitive damages against Defendants would violate both the United States and South Carolina Constitutions, and as to any State Law claims, would be specifically prohibited by the *South Carolina Tort Claims Act*, at S.C. Code Ann. § 15-78-120. Consequently, punitive damages are not proper in this case.

## FOR A TWENTY-SECOND DEFENSE

153.    Defendants deny that the matters asserted by Plaintiff in his Complaint fall within the scope of 42 U.S.C. § 1983.  Defendants deny any constitutional rights of Plaintiff have been violated.

## FOR A TWENTY-THIRD DEFENSE

154. Defendants cannot be held liable in a supervisory capacity for any actions in which they did not take part and over which they had no control.

## FOR A TWENTY-FOURTH DEFENSE

155. Defendants honored their duty to exercise that degree of care and skill ordinarily exercised by their profession under similar conditions and in similar circumstances. Accordingly, Defendants specifically deny that they or any other SCDC staff member deviated from the generally accepted standards, practices and procedures exercised by competent correctional administrators, physicians, or officers in the area of practice at issue. Furthermore, Defendants specifically deny that they caused Plaintiff any injury whatsoever.

## FOR A TWENTY-FIFTH DEFENSE

156. Defendants assert this suit is frivolous and without merit and that they are entitled to recover from Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FOR A TWENTY-SIXTH DEFENSE

157. Defendants allege that any injuries or damages allegedly suffered by Plaintiff, which are denied, were due to and caused by the negligence of Plaintiff; that the negligence of Plaintiff combined and concurred with any acts or omissions of these Defendants, which are again denied, to produce any such injuries or damages; and that the negligence and recklessness of Plaintiff exceeded any negligence or recklessness of Defendants. Defendants therefore plead the comparative negligence and recklessness of Plaintiff as a bar to this action.

## FOR A TWENTY-SEVENTH DEFENSE

158.     Defendants honored their duty to exercise that degree of care and skill ordinarily exercised by their profession under similar conditions and in similar circumstances.  Accordingly, Defendants specifically deny that they or any other SCDC medical staff deviated from the generally accepted standards, practices and procedures exercised by competent medical practitioners in the area of practice at issue.  Furthermore, these Defendants specifically deny that they caused Plaintiff any injury whatsoever.

## FOR A TWENTY-EIGHTH DEFENSE

159.     Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were a proximate cause of one or more independent, efficient and intervening causes which Defendants plead as a complete bar to this action.

## FOR A TWENTY-NINTH DEFENSE

160.     Defendants allege upon information and belief, that any injuries or damages sustained by the Plaintiff were due to, caused and occasioned by, a natural disease process over which these Defendants had no control and, as such, Defendants plead such a natural disease process as a complete bar to this action.

## FOR A THIRTIETH DEFENSE

161.     Defendants allege that they did not deviate from any acceptable standard of care within the field of internal medicine or any other field of medicine that may be at issue in this case.

## FOR A THIRTY-FIRST DEFENSE

162.     Plaintiffs failed to exhaust readily available administrative remedies and therefore their claims are barred by 28 U.S.C.A. § 1997 *Prison Litigation Reform Act*.

## RESERVATION AND NON-WAIVER

163.    Defendants reserve the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE,** having fully answered, Defendants pray that the Third Amended Complaint be dismissed, with costs, and for such further relief as may be just and proper.

S/SAMUEL F. ARTHUR, III
SAMUEL F. ARTHUR, III
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
Federal ID #7070
J. RUFUS BRATTON, III
Federal ID #10332
PO Drawer 1931
Florence, SC 29503
Telephone:  843.669.8787
Fax:          843.664.0097
SFA@AIKENBRIDGES.COM

**ATTORNEYS FOR DEFENDANTS
BRYAN P. STIRLING AND JOHN B.
MCREE**

Florence, South Carolina

September 11, 2018