IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Russell Geissler, Bernard Bagley, and Willie James Jackson, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 4:17-1746-MBS ) ) |
| v. | ) ) **ORDER** |
| Bryan P. Stirling, Director of the South Carolina Department of Corrections (SCDC), in his official capacity, and John B. McRee, M.D., Division Director of Health and Professional Services for SCDC, in his individual capacity, | ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on a class action complaint challenging the alleged failure to screen and adequately treat inmates for chronic Hepatitis C. Plaintiff Russell Geissler initiated the action on June 30, 2017 with the *pro se* filing of a prisoner complaint. ECF No. 1. Plaintiff Geissler is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC"). The court granted Plaintiff Geissler leave to proceed *in forma pauperis*, ECF No. 9, and ultimately granted his motion for appointment of counsel, ECF No. 72. Counsel for Plaintiff Geissler entered his appearance on January 10, 2018. ECF No. 75. On August 21, 2018, Plaintiff Geissler sought and received leave to file a third amended complaint ("Complaint"), which remains the operative pleading. ECF No. 108. In addition to Plaintiff Geissler, the Complaint names as plaintiffs Bernard Bagley and Willie James Jackson (collectively, "Plaintiffs"). *Id.* The Complaint asserts violations of the Eighth Amendment pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act, as amended, 29 U.S.C. §§ 791 *et seq.*. The claims arise out of SCDC's alleged failure to test inmates in its

custody for Hepatitis C ("HCV") and to provide proper treatment.  Plaintiffs seek injunctive and declaratory relief, and Plaintiff Geissler seeks compensatory and punitive damages.  ECF No. 108 at 3.  Plaintiffs also seek to bring this action on behalf of themselves and the following two classes of prisoners:

> All current and future inmates in SCDC custody who have been or will be diagnosed with chronic HCV, who have at least 24 weeks remaining on their sentences and a life expectancy of more than one year, with the exception of inmates who are already receiving or have already completed treatment with [direct-acting antiviral ("DAA")] medications (the HCV-Positive Class); and
>
> All current and future inmates in SCDC custody who have been diagnosed with chronic HCV, who have at least 24 weeks remaining on their sentences and a life expectancy of more than one year, with the exception of inmates who are already receiving or have already completed treatment with DAA medications (the HCV-Diagnosed Class).

*Id.* at 16.  By order issued August 21, 2018, the court set various pretrial dates and deadlines, including a deadline of January 16, 2019 by which Plaintiffs shall file a motion to certify the purported class.  ECF No. 112.

On September 20, 2018, Altony Brooks filed in this matter a "Motion to Amend Party to Claim for Deliberate Indifference to Medical Needs and to be Represented by Class Counsel," ("Motion to Amend").  ECF No. 116.  Mr. Brooks is also a prisoner in the custody of SCDC; he is not a named party to the within action. Through the Motion to Amend, Mr. Brooks seeks to join this lawsuit, assert violations of the Eighth and Fourteenth Amendments of the United States Constitution, and add two defendants.  On October 4, 2018, Defendants Bryan Stirling and John B. McRee, M.D. (collectively, "Defendants") filed a response in opposition to the Motion to Amend.  ECF No. 122.  In their response, they assert that Mr. Brooks has no standing to intervene in this lawsuit.  They further assert that if the court were to allow Mr. Brooks to intervene, all parties to this action would be unduly prejudiced "by having to respond to an amended complaint

2

and/or address any such issues raised in Mr. Brooks' motion and proposed amended complaint that have no relation to the underlying civil action." *Id.* at 1-2.

## ANALYSIS

Mr. Brooks would assert claims for violation of his Eighth Amendment and Fourteenth Amendment rights. ECF No. 116 at 4. He alleges that he has been suffering from an unknown illness that has weakened his immune system, caused him severe chest pain, and caused a persistent cough that produces blood and mucus. *Id.* at 6. He alleges that Defendant McRee and others have denied him blood tests and treatment. *Id.*[1] Mr. Brooks asks for injunctive relief in the form of HCV testing and screening for other illnesses. *Id.* Defendants note in their opposition to the Motion to Amend that Mr. Brooks is not represented by counsel for Plaintiffs. ECF No. 122 at 2. Defendants represent that counsel for Plaintiffs "acknowledge Mr. Brooks may ultimately be a member of one of the purported classes the named Plaintiffs are seeking to represent," but, at this time, "join in Defendants' opposition to the Motion to Amend filed by Mr. Brooks." *Id.*

Federal Rules of Civil Procedure 19 and 20 set forth criteria for when the court must join parties to an action and when it may do so, respectively. Under Rule 19:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Under Rule 20:

> [p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

---

[1] Mr. Brooks also alleges that he has "maxed his sentence and Defendants refuse to accredit him his jail credits and release him from their custody . . . ." *Id.* at 5, 9.

>   transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Federal Rule of Civil Procedure 24 sets forth when the court must permit a person to intervene in a civil action, and when it may permit a person to intervene. Fed. R. Civ. P. 24(a),(b). Specifically, the court must on timely motion permit anyone to intervene who:

>   (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24 also provides that on timely motion, "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." *Id.* at 24(b).

The Motion to Amend does not demonstrate that joinder of or intervention by Mr. Brooks is appropriate under these Rules. Furthermore, Mr. Brooks has not paid the filing fee required to commence a civil action, *see* 28 U.S.C. § 1914, or, alternatively, the appropriate financial paperwork to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2] For these reasons, the court denies Mr. Brooks's request to join this lawsuit. However, this ruling is without prejudice to Mr. Brooks joining the class if he qualifies as a class member, should the court certify a class in this action.

## CONCLUSION

For the reasons stated above, the Motion to Amend, ECF No. 116, is **DENIED**.

---

[2] Under the Prison Litigation Reform Act, a prisoner who on three or more occasions has filed a lawsuit that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* absent a showing that the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: November 12, 2018  /s/Margaret B. Seymour
Columbia, South Carolina  Margaret B. Seymour
Senior United States District Judge

5