IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Russell Geissler, Bernard Bagley, and Willie James Jackson, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Bryan P. Stirling, Director of the South Carolina Department of Corrections (SCDC), in his official capacity, and John B. McRee, M.D., Division Director of Health and Professional Services for SCDC, in his individual capacity, <br><br> Defendants. | Civil Action No. 4:17-1746-MBS <br><br> **ORDER** |

This matter is before the court on two *pro se* motions filed by Altony Brooks, a former prisoner in the custody of the South Carolina Department of Corrections ("SCDC") who is not a named party to this lawsuit. Plaintiffs Russell Geissler, Bernard Bagley, and Willie James Jackson (collectively, "Plaintiffs"), who are prisoners in the custody of SCDC, brought the within class action challenging the alleged failure of SCDC to screen and adequately treat inmates for chronic Hepatitis C ("HCV"). The claims Plaintiffs assert and the relief they seek concern SCDC's alleged failure to (1) properly test prisoners in its custody for HCV ("Testing Claims"), and (2) properly treat prisoners in its custody who are afflicted with HCV. For the purpose of settlement of the Testing Claims, the court has granted final certification of the Testing Class, defined as: all current and future inmates in SCDC custody, with the exception of inmates who have already been diagnosed with chronic HCV.

Mr. Brooks previously filed a motion to amend, in which he sought to join this lawsuit, assert violations of the Eighth and Fourteenth Amendments of the United States Constitution, and

add two defendants. The court denied Mr. Brooks's motion on the bases that (1) the motion did not demonstrate that joinder of or intervention by Mr. Brooks was appropriate under the Federal Rules of Civil Procedure, and (2) Mr. Brooks had not paid the filing fee required to commence a civil action, *see* 28 U.S.C. § 1914, or, alternatively, the appropriate financial paperwork necessary to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 127. The court noted that its ruling was without prejudice to Mr. Brooks joining the Testing Class if he qualified as a class member.

The court construes Mr. Brooks's motions as an objection to settlement of the Testing Claims and certification of the Testing Class, ECF No. 155, and a request that the court reconsider its order denying his motion to amend, ECF No. 162. With respect to what the court perceives to be an objection, Mr. Brooks asserts that Defendant John B. McRee, M.D., "is following the orders of [Defendant] Brian Sterling and has told me that I will not be tested for any disease and that my move out date is around the corner [and] if I need treatment that I could get it on the street and that it will not be afforded by SCDC . . . ." ECF No. 155 at 1. Mr. Brooks asks to be tested for HCV before he is released from custody.[1] In the recent order granting final certification of the Testing Class, the court discussed the likelihood that certain class members would be released from custody before SCDC could test them for HCV. ECF No. 167. The court understood and was sympathetic to the concern that as SCDC works to administer the test facility-by-facility some class members will be released from custody before SCDC can test them for HCV; however, the court determined that the Parties' agreement to settle the Testing Claims does not pose due process

---

[1] Mr. Brooks also asks that the court appoint him counsel and asserts unrelated allegations against Defendant Stirling, which he previously raised in his motion to amend. ECF No. 155 at 3. For the reasons stated in the court's order issued November 13, 2018, ECF No. 127, the court denies any request to appoint counsel and declines to consider the unrelated allegations.

concerns with respect to the inmates who are released prior to undergoing testing.  The court further determined that the benefit the Testing Class and the public will derive from the Parties' agreement outweighs any potential inequity caused by the release of inmates who have not yet been tested for HCV.  Based on these considerations, the court overruled any class member objections premised on the likelihood that some class members will be released from custody before they can undergo testing for HCV.  ECF No. 167.  Accordingly, Mr. Brooks's motion, ECF No. 155, is denied.

With respect to Mr. Brooks's second *pro se* motion, to the extent it reasserts an objection to final certification of the Testing Class and the settlement of the Testing Claims, the objection is overruled and the motion is denied.  To the extent the motion seeks reconsideration of the motion to amend, it is similarly denied.  The order on the motion to amend is an interlocutory order.  The court may in its discretion reconsider an interlocutory order prior to the entry of final judgment.  Fed. R. Civ. P. 54(b).  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citations omitted).  Reconsideration of an order under Rule 54(b) may be appropriate where an intervening change in controlling law has occurred, or for the court to correct a clear error or prevent manifest injustice.  *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (setting forth bases on which a court may reconsider an order under Rule 59(e)); *Ashmore v. Williams*, No. 8:15–cv–03633, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017) (surveying cases and observing that courts in the Fourth Circuit utilize Rule 59 standards in analyzing the merits of a Rule 54 motion).  Mr. Brooks has not cited to any change in controlling law, indicated where the court clearly erred or the potential for manifest injustice, or otherwise demonstrated why the court should reconsider its order denying the motion to amend.

3

## CONCLUSION

For the reasons stated herein, the court denies the *pro se* motions filed by Altony Brooks, ECF Nos. 155, 162.

**IT IS SO ORDERED.**


Dated: August 5, 2019                                     /s/Margaret B. Seymour
Charleston, South Carolina                                Margaret B. Seymour
                                                          Senior United States District Judge