## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| **RUSSELL GEISSLER**, **BERNARD BAGLEY, AND WILLIE JAMES JACKSON**, *individually and on behalf of others similarly situated*, | ) ) ) ) ) | Case No.: 4:17-cv-01746-MBS |
| Plaintiff, | ) ) ) | **JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CONSENT DECREE** |
| vs. | ) ) ) | **(Treatment Claims)** |
| **BRYAN P. STIRLING**, Director of the South Carolina Department of Corrections (SCDC), *in his official capacity*; and **JOHN B. MCREE, M.D.**, Division Director of Health and Professional Services for SCDC, *in his individual capacity*, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Willie James Jackson (the "Treatment Class Representative") and Defendant Bryan Stirling in his official capacity as director of the South Carolina Department of Corrections ("SCDC") have entered into a Consent Decree that resolves, subject to Court approval, all claims for injunctive and declaratory relief regarding South Carolina Department of Corrections treatment policies and practices related to chronic Hepatitis C ("HCV"). This consent decree would resolve all such claims for the class of all current and future inmates in SCDC custody who have been or will be diagnosed with Chronic HCV (the "Treatment Class"). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the parties jointly move the Court to enter an order:

(1) Certifying the stipulated Treatment Class;

(2) Granting preliminary approval of the Proposed Consent Decree;

(3) Approving the form of notice to be provided to the Treatment Class; and

(4) Setting a date for a hearing on the fairness, reasonableness, and adequacy of the Consent Decree pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

## BACKGROUND

On June 30, 2017, Plaintiff Russell Geissler filed a *pro se* complaint seeking, among other things, (1) treatment for his chronic HCV and (2) treatment for all SCDC inmates with chronic HCV (the "Treatment Claims").  (ECF No. 1 at 6).  The Court appointed counsel for Plaintiff Geissler on January 9, 2018, in light of "the state of the law regarding the issue."  (ECF No. 72 at 2).  The parties were unable to negotiate a settlement for Plaintiff Geissler's individual claims, and appointed counsel associated additional counsel and filed the Second Amended Class Complaint seeking comprehensive testing of all SCDC inmates for chronic HCV and treatment for those individuals diagnosed with chronic HCV.  (ECF No. 88).

Since May 2013, the Centers for Disease Control ("CDC") has recommended that testing for chronic HCV should be done in a two-step process to confirm chronic HCV. In the first step, it is determined whether the HCV antibody is present. If the HCV antibody is present, the second step is to determine whether the HCV infection is current by conducting nucleic acid testing.  CDC, *Testing for HCV Infection: An Update of Guidance for Clinicians and Laboratorians*, Morbidity and Mortality Weekly Report (May 10, 2013), *available at* https://www.cdc.gov/mmwr/preview/mmwrhtml/mm6218a5.htm.

At the time the Second Amended Complaint was filed, all counsel were aware that SCDC did not have a comprehensive testing program that screened inmates for chronic HCV.  The parties subsequently engaged in extensive written and some oral discovery.  Through this process, SCDC has acknowledged that the two-step process has not been completed in all cases where an inmate has been tested for HCV antibodies.

On August 21, 2018, Plaintiffs' counsel filed the Third Amended Complaint, in part to reflect this new information.  (ECF No. 108 at ¶ 1).  In addition, Plaintiffs added two named plaintiffs to the

action. Plaintiff Willie James Jackson, an inmate serving a life sentence in SCDC, was added because he was diagnosed with chronic HCV in 2008 while in SCDC custody. In the ten years between that diagnosis and joining this lawsuit, Jackson did not receive treatment under the old interferon protocol or the new DAA protocol.

Plaintiff Bernard Bagley was added to the action because SCDC had refused his requests to have testing for chronic HCV, despite the fact that he was (a) born between 1945 and 1965, and (b) received a blood transfusion before 1992. The CDC recommends testing for both groups of individuals. CDC, *Testing Recommendations for Hepatitis C Virus Infection*, https://www.cdc.gov/hepatitis/hcv/guidelinesc.htm (last visited Dec. 3, 2018).

In November 2018, the Parties reached an agreement for settlement of Plaintiffs' Testing Claims, requiring opt-out testing for all SCDC inmates. (Dkt. 166-1). The Court granted final approval of the Partial Settlement Agreement on August 5, 2019 (Dkt. 168). Plaintiffs Geissler and Bagley are the representatives for the Testing Class, (ECF No. 125). In the period between the agreement and approval, SCDC began testing its inmate population. As of October 10, 2019, 8,758 inmates had been tested for HCV. Between 5% and 25% of inmates opted out of testing at the different facilities.

The Partial Settlement Agreement addressed only the Testing Claims, and the Parties continued to discuss terms of settlement that addressed the remaining Treatment Claims. Plaintiff Jackson, the Treatment Class Representative,[1] has asserted that Defendants have violated the Eighth Amendment rights of the Treatment Class by failing to provide immediate treatment to all inmates who have tested positive for chronic HCV pursuant to CDC guidelines. Defendants deny any constitutional violations with respect to the Treatment Claims. Both parties recognize the inherent

---

[1] Plaintiff Geissler is no longer incarcerated in an SCDC facility and, therefore, is no longer available to serve as a Treatment Class Representative.

uncertainty and risks of litigation, and the time and costs involved for both parties in continuing to litigate the Treatment Claims.

The parties engaged in extensive settlement discussions since Plaintiff Geissler received appointed counsel, including in-person mediation.  On October 31, 2019, the Treatment Class Representative and Defendant Stirling agreed to the terms contained in the Proposed Consent Decree, which is attached as Exhibit 1 to this joint motion and summarized below.

Under the proposed Consent Decree, SCDC agrees to:

A. Utilize the $10 million of funding it received for the 2019-2020 fiscal year to directly address treatment for Chronic HCV and seek the same recurring funds for the next four years;

B. Offer all inmates testing for Chronic HCV consistent with the approved Partial Settlement Agreement (the "Testing Agreement," Dkt. 166-1);

C. Provide treatment, including direct-acting antiviral medication, to inmates diagnosed with Chronic HCV as follows:

   a. Prior to April 22, 2022:

      i. begin treatment for all inmates diagnosed on or before October 15, 2019 with Acuity Level 1, as defined in the Proposed Consent Decree, no later than April 15, 2020, provided said inmate has at least six (6) months remaining on his or her sentence at the time treatment begins;

      ii. begin treatment for all inmates diagnosed after October 15, 2019 with Acuity Level 1, as defined in the Proposed Consent Decree, no later than 180 days after diagnosis, provided said inmate has at least six (6) months remaining on his or her sentence at the time treatment begins;

      iii. begin treatment for all inmates diagnosed on or before October 15, 2019 with an Acuity Level OTHER THAN 1, as defined in the Proposed Consent Decree, no later than July 22, 2021, provided said inmate has at least six (6) months remaining on his or her sentence at the time treatment begins; and

      iv. begin treatment for all inmates diagnosed after October 15, 2019, but before April 22, 2022, with an Acuity Level OTHER THAN 1, as defined in the Proposed Consent Decree, no later than April

22, 2022 or 180 days, whichever is later, provided said inmate has at least six (6) months remaining on his or her sentence at the time treatment begins

b.  After April 22, 2022, if not sooner:

i.  begin treatment for all inmates diagnosed with Chronic HCV within 120 days of diagnosis, provided said inmate has at least six (6) months remaining on his or her sentence at the time treatment begins

c.  Any inmate who does not have at least six (6) months remaining on his or her sentence at the time treatment could begin will be provided discharge planning and a link to a resource for treatment upon release;

D.  Report progress every four months until the program is fully implemented; and

E.  Provide notice of the terms of the Proposed Consent Decree to current SCDC inmates by posting the proposed agreement in each prison.

As of October 10, 2019, 215 inmates had already been or were currently being treated for HCV.

## ARGUMENT

"[B]efore entering a consent decree," the Court must be satisfied that the agreement is "not illegal, a product of collusion, or against the public interest" and "is fair, adequate, and reasonable." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991) (internal quotation marks omitted)).  Although "this assessment does not require the court to conduct 'a trial or a rehearsal of the trial,' the court must take the necessary steps to ensure that it is able to reach 'an informed, just and reasoned decision.'" *Id.* (quoting *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172–73 (4th Cir. 1975)).

To determine whether the agreement is fair, the Court must review the record and consider the strength of the Plaintiffs' case. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).  "In reviewing the record and evaluating the strength of the case, the trial court should consider the extent

of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement, and the experience of counsel who may have represented the plaintiffs in the negotiation." *Id.* (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)). "So long as the record before [the Court] is adequate to reach an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated and form an educated estimate of the complexity, expense and likely duration of such litigation, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise, it is sufficient." *Flinn.*, 528 F.2d at 1173.

As a threshold matter, this agreement to provide SCDC inmates with treatment for chronic HCV that meets the medical standard of care[2] asserted by Plaintiffs is neither illegal nor the product of collusion. The agreement was reached through arms-length negotiations.

This agreement is also in the public interest. An estimated 1% of the non-inmate population has chronic HCV; that number rises to an estimated 17% for the inmate population. Teianhua He, M.D. et al., *Prevention of Hepatitis C by Screening and Treatment in U.S. Prisons*, Annals of Internal Medicine (Nov. 24, 2015) (Exhibit 2, SCDC Documents for Informal Discovery Response 000001). As individuals with chronic HCV move in and out of the prison system, they can transmit the disease to others. *Id.* at 3 (identifying a model for how the disease spreads vis-à-vis individuals moving in and out of the prison system).

---

[2] Dr. James Aaron Grubbs, M.D. and Dr. Ansal Shah, M.D. have both submitted affidavits averring to the CDC guidelines establish the standard of care for HCV testing and that "SCDC's [current] policies and practices regarding HCV testing deviate from the standard of care." (ECF No. 104-2 at 1–3, 8–10). Both doctors are infectious disease specialists, board certified in internal medicine, and have worked as infectious disease physicians within SCDC.

Based on the testing results as of October 10, 2019, the current estimates of the chronic HCV rate within SCDC is around 9.8%.  This agreement will allow SCDC to lower this rate in an expeditious manner, given the limitations presented by treating a chronic disease in a prison setting.

Finally, the agreement is fair, adequate, and reasonable.  The parties have fully exhausted discovery with respect to the treatment of SCDC inmates with chronic HCV and the standards of care. If the agreement is approved by the Court, the Treatment Class will receive their requested injunctive relief for the Treatment Claims and abandon their claim for declarative relief.  Counsel for the parties believe that this result is fair.

## CONCLUSION

In sum, the parties have reached a negotiated agreement that SCDC will provide opt-out testing for chronic HCV to all inmates and treat those inmates who test positive for chronic HCV in a logistically manageable fashion.  For the foregoing reasons, the parties respectfully request that the Court (1) preliminarily approve the Proposed Consent Decree; (2) approve the method of notice to the Treatment Class; and (3) set a date for a hearing on or after December 19, 2019, on the fairness, reasonableness, and adequacy of the Proposed Consent Decree pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**[SIGNATURE PAGE TO FOLLOW]**

Respectfully submitted,

**GRIFFIN | DAVIS**

s/ James M. Griffin
James M. Griffin, Fed Id 1053
jgriffin@griffindavislaw.com
4408 Forest Drive, Suite 300
P.O. Box 999 (29202)
Columbia, S.C. 29206
(803) 744-0800

**GUTTMAN, BUSCHNER & BROOKS PLLC**

Reuben A. Guttman*
rguttman@gbblegal.com
Justin S. Brooks*
jbrooks@gbblegal.com
Nancy Gertner
ngertner@gbblegal.com
Caroline Poplin*
cpoplin@gbblegal.com
Elizabeth H. Shofner*
lshofner@gbblegal.com
Paul Zwier
pzwier@gbblegal.com
2000 P Street, NW, Suite 300
Washington, D.C. 20036
(202) 800-3001

**PERKINS COIE LLP**

s/ Christopher J. Bryant
Christopher J. Bryant, Federal ID 12538
cbryant@perkinscoie.com
Robert A. Burgoyne**
rburgoyne@perkinscoie.com
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 654-6200
*ATTORNEYS FOR PLAINTIFFS*

**AIKEN, BRIDGES, ELLIOTT, TYLER & SALEEBY, P.A.**

s/Samuel F. Arthur, III
Samuel F. Arthur III, Federal ID 7070
sfa@aikenbridges.com
J. Rufus Bratton III, Federal ID 10332
jrb@aikenbridges.com
PO Drawer 1931
Florence, SC 29503
Telephone: 843.669.8787
Fax: 843.664.0097

*ATTORNEYS FOR DEFENDANT*

November 27, 2019
Charleston, South Carolina

* admitted *pro hac vice*
** application for *pro hac vice* forthcoming