IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Russell Geissler, Bernard Bagley, and Willie James Jackson, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Bryan P. Stirling, Director of the South Carolina Department of Corrections (SCDC), in his official capacity; and John B. McRee, M.D., Division Director for Health and Professional Services for SCDC, in his individual capacity, <br><br> Defendants. | C/A No. 4:17-1746-MBS <br><br><br><br><br><br><br> **ORDER AND OPINION** |

Plaintiffs Russell Geissler, Bernard Bagley, and Willie James Jackson (together, "Plaintiffs") are or were inmates in custody of the South Carolina Department of Corrections (SCDC). Defendant Bryan P. Stirling is the Director of SCDC, and Defendant John B. McRee, M.D. is the Division Director for Health and Professional Services for SCDC (together, "Defendants"). Plaintiffs' third amended class action complaint, filed August 21, 2018, alleges that Defendants denied Plaintiffs and those similarly situated adequate medical testing and treatment for Hepatitis C in violation of their rights under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.

The parties first settled Plaintiffs' claims as to the Testing Class. The court preliminarily certified the Testing Class and preliminarily approved a consent degree by order filed December 19, 2019. The court ordered that a notice be disseminated to the class members in accordance with Fed. R. Civ. P. 23(e)(1) to inform them of the settlement and the procedure for submitting comments or

objections to counsel. No objections were received by counsel. The court held a fairness hearing on February 12, 2019, and entered an order approving the consent decree on August 5, 2019.

The parties next settled Plaintiffs' claims regarding treatment. By order filed January 23, 2020, the court preliminarily certified the Treatment Class and preliminarily approved the settlement. The court ordered that notice be provided to the Treatment Class in accordance with Rule 23(e)(1). The court held a fairness hearing on May 20, 2020, and issued an order approving the settlement on June 8, 2020. Thereafter, the parties reached a mediated agreement regarding attorneys' fees and costs. Plaintiffs and other members of the Testing and Treatment Classes were given notice of the mediated fee agreement. No objections to the mediated fee agreement were submitted. The court held a hearing on November 17, 2020 and approved the fees as reasonable under Rule 23(h).

I.

This matter is before the court on motion of Plaintiff Bernard Bagley, which motion was filed on May 28, 2020. Mr. Bagley currently is housed at Kershaw Correctional Institution in Kershaw, South Carolina. Mr. Bagley informs the court that an inmate in the facility where he is housed worked in the cafeteria and prepared trays for Mr. Bagley. According to Mr. Bagley, the inmate refused to take the Hepatitis C test, and subsequently died of complications from Hepatitis C. Mr. Bagley moves the court to modify the settlements to make testing and treatment for Hepatitis C mandatory, rather than optional.

The court's inherent authority to modify a consent decree or other injunction is encompassed in Fed. R. Civ. P. Rule 60(b)(5). <u>Thompson v. U.S. Dep't of Housing & Urban Dev.</u>, 404 F.3d 821, 826 (4th Cir. 2005) (citing cases). Under Rule 60(b)(5), a court may relieve a party from an order if "applying it prospectively is no longer equitable." With respect to institutional reform litigation,

> a party seeking modification of a consent decree must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance.

Rufo v. Inmates of the Suffolk Cnty. Jail, 502 U.S. 367, 393 (1992).

The court understands Mr. Bagley's concerns that he could contract Hepatitis C from someone who has refused to be tested or treated. However, "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment. This liberty interest survives conviction and incarceration." King v. Rubenstein, 825 F.3d 206, 222 (4th Cir. 2016) (internal citations omitted). Prison officials may override this right when treatment is "reasonably related to legitimate penological interests." Id. (quoting Washington v. Harper, 494 U.S. 210, 223 (1990)). Here, the settlements satisfy applicable medical standards of care for testing for and treatment of Hepatitis C in a fashion that satisfies both the Eighth Amendment and respects the liberty interests of those who wish to decline treatment. Mr. Bagley has not shown a change in facts or law that warrants revision of the decree, or that the proposed modification is suitably tailored to the changed circumstance. Mr. Bagley's motion (ECF No. 203) is **denied**.

## II.

Also before the court is an objection to the parties' mediated fee agreement, which objection was filed on December 7, 2020 by Therl Taylor, a class member currently housed at Evans Correctional Institution in Bennettsville, South Carolina. Mr. Taylor seeks the opportunity "to object to the vague, uninformed and ambiguous 'settlement' first general notice agreement alleged by both parties, of $484,406, 'fees and expenses.'" ECF No. 234, 1. Mr. Taylor seeks to object to counsel's "unprofessionalism, unethical and questionable legal representation in regard to excessive legal fees and expenses." Id. at 2.

3

As an initial matter, Mr. Taylor's objection is out of time. According to the notice disseminated to the class, objections were due no later than November 13, 2020. The notice explained to the class members how to submit objections to the mediated fee agreement, including via email at [info@SCHepC.com](mailto:info@SCHepC.com) or regular mail to addresses included in the text of the notice. Mr. Taylor filed his objection nearly one month after the deadline.

In addition, the court held a hearing and approved the mediated fee agreement as reasonable as required by Fed. R. Civ. P. 23 (h) and Local Civil Rule 54.02(A). Class Counsel undertook a complex action on contingency and represented Plaintiffs and the class for over three years. Class counsel obtained a settlement with the SCDC that is extremely beneficial not just to members of the class, but also to future inmates who pass through the SCDC prison system. Further, because of the cap on attorneys' fees set forth in the Prison Litigation Reform Act, Class Counsel received greatly reduced attorneys' fees when compared to the ordinary rates they would charge for nonprisoner litigation. Mr. Taylor's objection is without merit.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 9, 2021.